UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER MICHAEL NASSAR, | * |
| Plaintiff, | * |
| v. | *   C.A. No. 16-10798-ADB |
| PATRICIA RUZE[1], et al., | * |
| Defendants. | * |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

      For the reasons stated below, the Court dismisses Thomas Turco, DOC Commissioner, DOC, RSRC, Christopher Mitchell, Paul DiPaolo, Katherine Chmiel, Thomas Dickhaut, "Student Doctor McLaughlin," "Dr. Andurland," "Six (at least) Student Doctors at Lemuel Shattuck," Lemuel Shattuck Hospital, Prison Legal Services, Elizabeth Matos, and UMass as defendants.

**I.   Background**

      On April 29, 2016, state prisoner Christopher Nassar ("Nassar") commenced this action by filing a civil complaint [ECF No. 1] in which he alleged that he was being denied adequate medical treatment and that he was close to dying. He also filed a motion for immediate screening of the complaint and a temporary restraining order requiring the defendants to transport him to a hospital [ECF No. 2]. The documents came to the notice of the Court when

---

[1] Counsel for the defendants represents that "Dr. Ruse" is a misspelling of the first-named defendant. The Clerk shall correct the docket so that the name of this defendant is "Dr. Ruze." Similarly, the defendants identify "Dr. Somers" as the correct spelling of the physician at the Souza Baranowski Correctional Center. This defendant's name shall be spelled on the docket accordingly.

they were docketed on Friday, April 29, 2016.  Under the direction of the Court, a deputy clerk contacted counsel for the defendants to alert them of the lawsuit and Prisoners' Legal Services of Massachusetts ("PLS") to see if the organization could provide representation in regards to the motion for a temporary restraining order.  Attorney Elizabeth Matos of PLS, who had had previous interactions with Nassar, stated that she would visit him over the weekend and ask him if he wanted her to represent him for this limited purpose.  She later updated that Nassar had agreed to the representation.  On Monday, May 2, 2016, counsel for the plaintiff and defendants reported that Nassar would be transported the next day to the Lemuel Shattuck Hospital Ambulatory Care Center ("Shattuck Hospital") [ECF No. 13].  The Court ordered the parties to submit a status report by May 9, 2016 [ECF No. 14] and denied as moot the motion for a temporary restraining order [ECF No. 15].  After signing the joint status report filed on May 9, 2016, in which the parties reported information provided by Shattuck Hospital staff and stated that the plaintiff remained at the hospital, Attorney Matos ceased to represent Nassar in light of the disposition of the motion for a temporary restraining order.

On June 16, 2016, Nassar filed an amended and supplemental complaint [ECF No. 34] ("Amended Complaint").  Much of this pleading mirrors the original complaint in that Nassar alleges that prison officials did not provide him adequate medical care prior to the commencement of this action.  Under the headings of "Amendment & Supplementation of Complaint" and "Retaliations Since Filing of Complaint," Nassar claims that, while he was hospitalized at Shattuck Hospital, he did not receive proper medical treatment. He further asserts that he received poor care at Shattuck Hospital and also upon returning to prison in retaliation for filing this lawsuit.  Finally, he claims that he is being denied a religious diet, which diet is crucial to his health.

The amended complaint states three counts.  In Count I, Nassar asserts a claim for "8th Amendment Cruel and Unusual Punishment," claiming that (1) his medical condition is such that even a lay person would recognize the need for medical attention; and (2) "each of the medical defendants" intentionally denied him access to proper medical treatment.  Amend. Compl. ¶¶ 143-150.  Count II of the amended complaint, entitled "Retaliations," alleges that had Nassar not filed this lawsuit, "the defendants would not have developed a retaliatory motive for their outrageous behavior, and the incidents in this amended supplementary complaint would not have occurred."  Id. ¶ 154.  In Count III, Nassar brings a new claim concerning access to a religious diet.  Id. ¶¶ 156-162.  In his prayer for relief, the plaintiff seeks a temporary and permanent injunction[2] and compensatory damages.

Summonses issued as to defendants Massachusetts Partnership for Correctional Healthcare ("MPCH"), Dr. Patricia Ruze, Dr. Lawrence Churchville, Nurse Practitioner Ziesl Mayaan, and Registered Nurse Byron Shoemaker on April 29, 2016.  These parties waived service of summons and timely filed an answer to the amended complaint on August 15, 2016 [ECF No. 44].  A summons also issued as to "UMass," which the Court understood to be UMass Correctional Health Services [ECF No. 23].  On June 13, 2016, the Court ordered that Nassar complete service on UMass within 60 days.  The service deadline has expired and the docket

---

[2] On June 24, 2016, the Court denied Nassar's motion for a temporary restraining order requiring the defendants to transport him to Boston Medical Center for treatment [ECF No. 42].

does not contain any record of service on UMass.[3]  Summonses have not issued as to the defendants who were not parties to the original complaint.[4]

## II.     Screening of the Complaint

When a plaintiff proceeds without prepayment of the filing fee, the Court may conduct a preliminary review of an original or amended complaint prior to requiring that a defendant respond.  *See* 28 U.S.C. § 1915(e)(2)(B).  Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or from officers or employees of a governmental entity are also subject to screening.  Both § 1915 and § 1915A authorize federal courts to dismiss a complaint *sua sponte* if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).  In conducting this review, the Court liberally construes Nassar's Amended Complaint because he is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  "However, *pro se* status does not insulate a party from complying with procedural and substantive law."  *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

### A.     Allegations Concerning Denial of a Religious Diet

In an electronic order dated June 6, 2016 [ECF No. 36], the Court ruled that Nassar's claims regarding denial of a religious diet could not be brought in the instant complaint because

---

[3] On August 18, 2016, the United States Marshals Service reported to a Deputy Clerk that it never received a summons from Nassar for service on UMass.

[4] A summons did not issue as to "MCI Norfolk medical staff," a party to the original complaint. "MCI Norfolk medical staff" shall be terminated as a defendant in this action because it was not named as a defendant in the amended complaint.

they involve new defendants and do not arise out of the "same transaction, occurrence, or series of transactions or occurrence," Fed. R. Civ. P. 18(a)(2)(A), as the claims of inadequate medical care.  If the plaintiff wishes to pursue such claims, he must commence a separate action.  He would then be responsible for paying another filing fee, either by paying $400 upon filing the action or by paying $350 over time after receiving leave of court to proceed without prepayment of the fee.  Because the claims regarding a religious diet are not part of this action, the claims against defendants Thomas Turco, DOC Commissioner, DOC, RSRC, Christopher Mitchell, Paul DiPaolo, Katherine Chmiel, and Thomas Dickhaut are dismissed without prejudice, and these parties shall be dismissed as defendants to this action.

### B.     Claims Concerning Medical Care at Shattuck Hospital

The claims against "Student Doctor McLaughlin," "Dr. Andurland," and "Six (at least) Student Doctors at Lemuel Shattuck" shall also be dismissed without prejudice and these parties terminated as defendants because Nassar has failed to state any claim against them upon which relief may be granted.

To state a claim for relief, a complaint must, in compliance with Fed. R. Civ. P. 8(a)(2), include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 66 (1st Cir.  2004)).  The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Further, "only a

complaint that states a *plausible* claim for relief" states a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (emphasis added). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint does not show that "the pleader is entitled to relief." *Id.* (quoting Fed. R Civ. P. 8(a)(2) in second quotation).

### 1. Deliberate Indifference to a Serious Medical Need

In the context of a claim for a violation of the Eighth Amendment based on the deprivation of medical care, a prisoner must allege facts from which the Court may reasonably infer that a prison official's failure to provide adequate medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A state actor is deliberately indifferent if she is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [she] must also draw the inference." *Leavitt v. Corr. Med. Servs., Inc.*, 645 F.3d 484, 497 (1st Cir. 2011) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Here, crediting only the non-conclusory and plausible allegations of the Amended Complaint, Nassar has failed to assert facts from which the Court may reasonably infer that the conduct of Dr. McLaughlin, Dr. Andurland, or the unnamed student doctors at Shattuck Hospital rose to the level of deliberate indifference. Nassar claims that after not being seen at Shattuck Hospital in the first twenty-four hours after he arrived, "one student doctor after another passed through Shattuck ward and accosted Plaintiff under false pretense of examination and plans for treatment." Amend. Compl. ¶ 83. The next day, "numerous student doctors in training issued individual orders with totally conflicting treatment plans and medication orders." *Id.* ¶ 84. He was prescribed a lower amount of pain medication by "Student doctor McLaughlin" than by

Dr. Anderland, *see id.* ¶¶ 85-87, which caused him to writhe in unbelievable pain due to the wearing off of the pain medications," *id.* ¶ 88. On May 6, 2016, "the student doctors, without any discussion with Plaintiff as to how he feels physically or about his symptoms discharged Plaintiff back to MCI Norfolk ADL (Assisted Daily Living)." *Id.* ¶ 91. When Nassar returned to Shattuck Hospital approximately three days later, he was "again subjected to further student doctor tormenting, molesting and accosting without proper medical treatment. For the next 8-10 days one student doctor after another developed again in training conflicting reports and medication orders causing constant confusion and denial of proper treatment." *Id.* ¶¶ 95-96. These assertions are largely vague and conclusory. To the extent they provide some factual specificity, the allegations suggest either a difference of medical opinions, *see, e.g.*, *Burton v. Downey*, 805 F.3d 776 786 (7th Cir. 2015) ("Mere differences of opinion among medical personnel regarding a patient's appropriate treatment do not give rise to deliberate indifference.") (quoting *Estate of Cole v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996)), or professional negligence, *see, e.g.*, *Santiago v. Ringle*, 734 F.3d 585 (6th Cir. 2013) (when "a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation") (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)); *Maglio v. Bhadja*, 257 Fed. Appx. 234, 235 (11th Cir. 2007) (per curiam) (where plaintiff's non-conclusory allegations were that he "suffered back pain, sought treatment from the prison medical staff and received some treatment, but was incorrectly diagnosed and treated," the allegations constitute professional negligence at most, not deliberate indifference").

    **2.**   **Retaliation**

   Insofar as Nassar is claiming that the medical providers at Shattuck Hospital provided

inadequate medical care in retaliation for him filing this lawsuit, he has also failed to state a claim upon which relief may be granted.  As noted above, his allegations concerning the conduct of these medical providers are vague and therefore cannot be credited.  Further, the plaintiff has not alleged facts from which the Court may reasonably infer that the alleged failure of the medical providers at Shattuck Hospital to provide adequate medical care was retaliatory in nature.   The medical providers at Shattuck Hospital were not defendants to the original complaint and Plaintiff offers no plausible reason why they would be motivated to retaliate against him for commencing the action.

### 3. Lemuel Shattuck Hospital

As a public hospital, Shattuck Hospital is an arm of the Commonwealth of Massachusetts and therefore not subject to suit in federal court for the claims alleged by Nassar.  The Eleventh Amendment of the United States Constitution generally is recognized as a bar to suits in federal courts against a State, its departments and its agencies, unless the State has consented to suit or Congress has overridden the State's immunity.  *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam); *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 105-06 (1st Cir. 2007).  Here, the Court cannot discern any claim for relief against Shattuck Hospital for which the Commonwealth of Massachusetts has waived its immunity or for which its immunity has been overridden by Congress.  Further, a State is not a "person" under 42 U.S.C. § 1983, the statute under which Nassar may bring claims for violations of his federal rights by a "person" acting under the color of state law.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

### C. Claims Concerning Representation by Prisoners' Legal Services

Nassar claims that Prisoners' Legal Services had a duty to represent him and only did so when ordered to do so by the Court. He further alleges that Attorney Matos did not adequately represent him. Both assertions fail to state a claim upon which relief may be granted because he has not alleged facts that support his assertion of wrongdoing. Prisoners' Legal Services did not have an obligation to represent Nassar. It did so upon the Court's request. Further, Nassar has not plausibly alleged that Attorney Matos misrepresented Nassar's medical condition in the May 9, 2016 joint status report [ECF No. 16]. The parties acknowledged therein that the information "was reported by medical providers at Lemuel Shattuck Hospital" and that Nassar's test results had not been provided to counsel for any party. *Id.* ¶ 5. Further, the parties stated that "Plaintiff's counsel also has not had the opportunity to confer with Plaintiff regarding his current medical status" and that "the Parties continue to discuss the viability of Plaintiff's current claims." *Id.* Thus, the record of this case belies Nassar's assertion that Attorney Matos made false assertions. She and defense counsel informed the Court that the information included in the status report was based solely on a report from medical professionals.[5]

### D. Claims Against Dr. Somers

Nassar alleges that Dr. Somers conspired with Dr. Churchville and others to retaliate against him for bringing this lawsuit. *See* Amend. Compl. ¶¶ 103-106. The Court will allow claims against Dr. Somers to go forward. The Court assumes that counsel for the served defendants will also be representing Dr. Somers. It also appears that the answer of the served

---

[5] Further, the Plaintiff has not identified, and the Court cannot discern, a claim under federal law against PLS or Attorney Matos, who is a private attorney. Even a court-appointed criminal defense attorney does not act "under color of law" for purposes of 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

defendants [ECF No. 44] could be adopted by Dr. Somers. In their answer, the defendants admit that Dr. Somers sent Nassar back to MCI Norfolk, but deny all other allegations related to the Dr. Somers and the care the plaintiff received at SBCC. So as to not unnecessarily delay the advancement of the case, counsel for the defendants who have been served will inform the Court within seven days if (1) they are representing Dr. Somers; (2) they will waive service of summons and the amended complaint; and (3) Dr. Somers adopts the answer of the other defendants.

### III. Conclusion

Accordingly:

1. The Court dismisses Thomas Turco, DOC Commissioner, DOC, RSRC, Christopher Mitchell, Paul DiPaolo, Katherine Chmiel, and Thomas Dickhaut because the claims against them must be brought in a separate lawsuit, if at all.

2. The Court dismisses "Student Doctor McLaughlin," "Dr. Andurland," and "Six (at least) Student Doctors at Lemuel Shattuck," Lemuel Shattuck Hospital, Prison Legal Services, and Elizabeth Matos because the Nassar has failed to state any claim against them upon which relief may be granted.

3. The Court dismisses UMass as a defendant because the plaintiff has not served this defendant and the time for doing so has expired.

4. The Court dismisses "MCI Norfolk medical staff" as a defendant because it was not named as a defendant in the amended complaint.

5. Counsel for the defendants who have been served will inform the Court within seven days if (1) they are representing Dr. Somers; (2) they will waive service of summons and

the amended complaint; and (3) Dr. Somers adopts the answer [ECF No. 44] of the other defendants.

    IT IS SO ORDERED.

DATE: October 3, 2016

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
UNITED STATES DISTRICT JUDGE