UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTOPHER MICHAEL NASSAR, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 16-10798-ADB |
| | * | |
| PATRICIA RUZE, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

In this case, Christopher Michael Nassar (the "Plaintiff") sues various defendants in connection with treatment of his medical condition in prison.

On November 16, 2016, the Court entered a scheduling order. [ECF No. 48]. Following the issuance of the scheduling order, several motions filed by Plaintiff were docketed. Currently pending before this Court are Plaintiff's Renewed Motion to Appoint Counsel [ECF No. 52], Plaintiff's Motion for Leave to File a Second Amended Complaint [ECF No. 53], and Plaintiff's Motion for Extension of Time to Serve Defendants [ECF No. 54]. Upon review of these pending motions, the Court rules as follows:

Plaintiff's renewed motion for appointment of counsel [ECF No. 52] is <u>DENIED</u> without prejudice and with leave to renew after all of the defendants have filed an amended answer. Plaintiff has not presented "exceptional circumstances" that would merit the appointment of pro bono counsel. See <u>DesRosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991).

Plaintiff's motion for leave to file a second amended complaint [ECF No. 53] is <u>DENIED</u> without prejudice and with leave to renew with the proposed second amended complaint.

Further, to the extent that the plaintiff seeks to add "MCI Norfolk Medical Staff" as defendants, he must identify in any proposed second amended complaint which individual(s) he seeks to add as defendants and the alleged misconduct of each individual. Nassar cannot simply add "MCI Norfolk Medical Staff" as a means of adding a group of unspecified persons as defendants. If he does not know the name of particular medical staff member, he may temporarily use "Jane Doe" or "John Doe" to identify such a person.

Plaintiff's motion for an extension of time to serve the defendants [ECF No. 54] is DENIED as to all defendants except UMass (which the Court understands to be UMass Correctional Health Services). All defendants (including Dr. Somers) have waived service of the summons with the exception of the parties that have been dismissed. UMass was dismissed because Plaintiff failed to timely serve this party. The Clerk shall restore UMass as a defendant and reissue a summons as to UMass. Plaintiff shall serve the summons and amended complaint upon UMass within 45 days of the date of this order. If so asked by Plaintiff, the United States Marshals Service shall complete service as directed by Plaintiff, with all costs of service to be advanced by the United States. Plaintiff is responsible for providing the US Marshals Service all papers to be served on UMass.

The dates set forth in the scheduling order [ECF No. 48] remain unchanged for the present.

**SO ORDERED.**

Dated: November 23, 2016

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
UNITED STATES DISTRICT JUDGE